UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHATLEY,<br>CDCR #AG-2464,<br><br>            Plaintiff,<br><br>vs.<br><br>G. VALDOVINOS, Correctional Officer;<br>D. PARAMO, Warden,<br><br>            Defendants. | Case No.: 3:18-cv-02761-CAB-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING DEFENDANT PARAMO PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)**<br><br>**3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 5]**<br><br>**AND**<br><br>**4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT VALDOVINOS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

   Reginald Whatley ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this

civil rights action pursuant to 42 U.S.C. § 1983, on December 8, 2018. *See* Compl., ECF No. 1 at 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) at the time; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

On December 26, 2018, Plaintiff submitted another document entitled "Incitement to Violence/Protection from Assault, Harassment/Criminal Threats," in which he includes additional factual allegations, attaches exhibits in support of the claims alleged in his Complaint, and requests a "restraining order." *See* ECF No. 5. The Court has accepted his document for filing despite its non-compliance with Local Civil Rules 7.1.b and 7.1.f.1 in light of Plaintiff's pro se status, and construes it as a Motion for a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65 to the extent it seeks immediate injunctive relief. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* ECF Nos. 3, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff maintained an average monthly balance of $13.90, and had $8.79 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint; but he had no available money on the books at the time of filing. *See* ECF Nos. 3 & 6 at 1, 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $2.78 pursuant to 28 U.S.C. § 1915(b)(1). Because he had no available balance at the time of filing, however, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the initial $2.78 filing fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts

as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

4

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>[2]

On May 4, 2018, Plaintiff claims he engaged in a verbal dispute with Tower Officer Valdovinos after Valdovinos ordered him to "lock it up." *See* Compl., ECF No. 1 at 3. Plaintiff objected, sat down, and "told Valdovinos to call Sgt. Mitchell." *Id.* While Officer Trevino[3] "trashed [his] cell," Plaintiff contends Valdovinos said, "If I was on the floor I would fuck you up," threatened to "have someone fuck [Plaintiff] up," and exclaimed "I don't give a damn about getting sued." *Id.* at 3, 6. Plaintiff claims Valdovinos "then got on the mic and said yard and dayroom will be delayed thanks to [Plaintiff] yall [sic] can blame him." *Id.* at 3.

Later that night at "pill call," Plaintiff "went to Sgt. Mitchell and told him what Valdovinos said." *Id.* Plaintiff contends Sgt. Mitchell[4] called Valdovinos and "by the time [he] got back to the building," Valdovinos was "mad" that Plaintiff "told the Sergeant on [him]," called him a "soft weak bitch," and "got on the mic [sic] and said 'I'm going to put you on blast you tell squad who got the dope and cell phones and if 206 cell get hit it was

---

[2] Plaintiff's Complaint provides the bulk of his factual allegations, *see* Compl., ECF No. 1 at 3-6, but he includes additional facts in his TRO (ECF No. 5), which he asks to "incorporate … by reference [to] each and every allegation contained in [his] Complaint." *See* ECF No. 5 at 2-4. Accordingly, the Court will also consider the facts alleged in Plaintiff's TRO to determine whether he has stated a plausible claim upon which § 1983 relief may be granted. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

[3] Plaintiff does not name Trevino as a Defendant.

[4] Sgt. Mitchell is not named as a Defendant.

5

3:18-cv-02761-CAB-BGS

[Plaintiff] who told.'"[5] *Id.*

Plaintiff claims Valdovinos "wrote a false report" ("RVR") regarding the May 4, 2018 incident, charging him with willfully delaying a peace officer in the performance of duty. *Id.* at 5; *see also* ECF No. 5-1 at 17.[6] He further claims Valdovinos filed two additional "false" RVRs against him—one on May 24, 2018 (Log No. 5071729) and another on November 8, 2018 (Log No. 6005148)—both charging him with behavior which could lead to violence. *See* Compl., ECF No. 1 at 5; ECF No. 5-1 at 14-16, 29-36.

A week after the May 4, 2018 incident, Plaintiff claims he was walking through the sally port, when he heard someone say, "You snitch" before he was hit in the jaw and neck. *See* Compl., ECF No. 1 at 3. Plaintiff contends he "blocked [the] punch," but "can't even say who the guy is" lest he be "called a snitch." *Id.* at 4.[7]

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. Respondeat Superior – Warden Paramo

In addition to Correctional Officer Valdovinos, whom Plaintiff claims personally harassed, failed to protect, and incited violence against him, *see* Compl., ECF No. 1 at 3-

---

[5] Plaintiff attaches to his TRO the declarations of three fellow inmates describing Plaintiff's exchange with Valdovinos on May 4, 2018, and Valdovinos' alleged announcements over the P.A. system that Plaintiff "was a rat and a snitch." *See* ECF No. 5-1 at 37-42.

[6] The exhibits attached to Plaintiff's TRO include a copy of RVR Log No. 5004040, dated May 4, 2018. *See* ECF No. 5-1 at 12-13; 17-24. On May 16, 2018, Plaintiff was found guilty based on an amended charge of "Disrespect w/Potential for Violence /Disruption." *Id.* at 22-24. He also attaches a copy of his CDCR Inmate/Parolee Appeal, Log No. RJD-B-18-2892, related to the May 4, 2018 incident. *Id.* at 25-28.

[7] Plaintiff claims the unidentified inmate who attacked him "is gone now." *See* Compl., ECF No. 1 at 4.

6, Plaintiff also names RJD's former Warden, Daniel Paramo, as a Defendant. *Id.* at 1, 2. But he includes no further mention of Paramo in the body of his Complaint, and thus, fails to include any "further factual enhancement" to show how, or to what extent, the Warden may be held individually liable for any constitutional injury. *See Iqbal,* 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff does allege Officer Valdovinos "work[ed] under D. Paramo[']s tutelage," and that a prison ombudsman "forwarded [his] complaint to D. Paramo." *See* Compl., ECF No. 1 at 2. But "vicarious liability is inapplicable to … § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

And while Plaintiff attaches a copy of a letter from the CDCR's Office of the Ombudsman dated May 24, 2018 to his TRO which indicates a "inquiry/letter [regarding CDCR Inmate Appeal Log RJD-18-02892 ] [had been] forwarded to the Warden for review," *see* ECF No. 5-1 at 43, his Complaint is devoid of any factual allegations sufficient to show Paramo "participated in or directed [Valdovinos' alleged] violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *accord Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) ("A supervisor can be liable in his individual

capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

For these reasons, the Court dismisses Defendant Paramo as a party to this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### E. Defendant Valdovinos

As to Plaintiff's allegations against Correctional Officer Valdovinos however, the Court finds his Complaint contains plausible Eighth Amendment allegations sufficient to surpass the "low threshold" set to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. "California's … prisoners may be murderers, rapists, drug dealers, and child molesters, but California is responsible for protecting even those sorts of people from murder by other prisoners. Indeed, the Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners from violence at the hands of other prisoners."); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (labeling prisoner a "snitch" in the presence of other inmates is sufficient to state a claim of deliberate indifference to an inmate's safety); *Crane v. Gonzales*, No. CV-F-03-6339 OWW WMW P, 2008 WL 2168927, at *2 (E.D. Cal. May 23, 2008) (calling a prisoner a "child molester" in presence of fellow inmates stated Eighth Amendment claim), *report and recommendation adopted*, No. CV-F-03-6339 LJO WMW PC, 2008 WL 2676780 (E.D. Cal. June 30, 2008); *Adams v. Tilton*, No. 1:07-CV-00791 GSA PC, 2009 WL 2915100, at *13 (E.D. Cal. Sept. 9, 2009) (calling plaintiff a "Chester" in front of other inmates is akin to calling him a "snitch").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendant Valdovinos on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall

8

3:18-cv-02761-CAB-BGS

issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[8]

## III. Motion for TRO

Finally, Plaintiff requests a restraining order "so he won't be hurt or killed," and asks to be "moved out of [RJD]." *See* ECF No. 5 at 1.

### A. Standard of Review

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

///

---

[8] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Substantively, "[a] preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]" *Epona v. Cty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted). "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

In addition, the PLRA requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

B.  <u>Application to Plaintiff's Case</u>

First, the Court notes Plaintiff's case is still in its preliminary screening stage, the United States Marshal has yet to effect service upon Valdovinos on his behalf, and Plaintiff

has not "certified in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Indeed, the Court has no personal jurisdiction over any Defendant at this time. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.

Second, even if the Court had personal jurisdiction over Defendant Valdovinos, Plaintiff has failed to establish "specific facts in an affidavit or a verified complaint [to] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, *ipso facto*, entitle him to a preliminary injunction." *Claiborne v. Blauser*, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), *report and recommendation adopted*, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable irreparable" requirement, Plaintiff must do more than plausibly *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* at 674-75.

Plaintiff claims Officer Valdovinos "told the whole building [he] was a snitch," and threatened to "fuck him up" on two separate occasions in May 2018, and November 2018. *See* Compl., ECF No. 1 at 3, 6; ECF No. 5 at 4. Plaintiff further alleges another Correctional Officer named Romero "opened [his] legal mail" on December 13, 2018, and told Valdovinos that Plaintiff was "suing [him] [and] trying to take [his] boat," and claims he is therefore "still threaten[ed] with violence." See ECF No. 5 at 4.[9]

---

[9] Plaintiff mentions Romero only in his TRO, and does not name him as a Defendant in his Complaint. *See* Compl., ECF No. 1 at 1-2.

But Plaintiff does not have a constitutional right to be housed or transferred to the institution of his choosing, *see Olim v. Wakinekona,* 461 U.S. 238, 244-48 (1983), and his allegations of potential future harm and risk of injury at RJD based on Valdovinos' past threats and revelations are merely speculative. *See Caribbean Marine*, 844 F.2d at 674-75. Further, while Plaintiff does allege to have been attacked by a fellow inmate one week after Valdovinos allegedly outed him as a snitch in May 2018, *see* Compl., ECF No. 1 at 3, and fears another potential attack due to Valdovinos's threats and past acts, he fails to *establish* that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. *Lyons*, 461 U.S. at 102; *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). *Rigsby v. State*, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); *Chappell v. Stankorb*, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), *report and recommendation adopted*, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997); *Caribbean Marine*, 844 F.2d at 674.

Thus, for these reasons, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order (ECF No. 5) pursuant to Fed. R. Civ. P. 65.

### IV.  Conclusion and Orders

Based on the foregoing, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

///

2. **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $2.78 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DENIES** Plaintiff's Motion for Temporary Restraining Order (ECF No. 5).

5. **DISMISSES** Defendant Paramo and **DIRECTS** the Clerk of the Court to terminate Paramo as a party to this matter based on Plaintiff's failure to state a claim against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Valdovinos and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint (ECF No. 1), and the summons so that he may serve Defendant Valdovinos. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant Valdovinos may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

7. **ORDERS** the U.S. Marshal to serve a copy of the Complaint (ECF No. 1) and summons upon Defendant Valdovinos as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

8. **ORDERS** Defendant, once he has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil

13

3:18-cv-02761-CAB-BGS

Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: March 1, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge