UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHATLEY,<br>CDCR #AG-2464,<br><br>            Plaintiff,<br><br>vs.<br><br>G. VALDOVINOS, Correctional Officer;<br>D. PARAMO, Warden; ROMERO,<br><br>            Defendants. | Case No.: 3:18-cv-02761-CAB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT VALDOVINOS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 8; 12(b)(6) & 41(b)**<br><br>**[ECF No. 34]** |

**I. Procedural History**

Plaintiff initially brought this action under 42 U.S.C. Section 1983 alleging that his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in May of 2018. *See* Compl., ECF No. 1. On March 1, 2019, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), dismissed Defendant Paramo and directed the United States Marshal Service ("USMS") to effect service of Plaintiff's Complaint upon Defendant Valdovinos. ECF No. 7.

On June 10, 2019, Defendant Valdovinos filed a Motion to Dismiss Portions of Plaintiff's Complaint. ECF No. 12. In response, Plaintiff filed a Motion to Amend Complaint which was granted by the Court. ECF Nos. 21, 25. On November 8, 2019, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 32. In his FAC, Plaintiff

1

3:18-cv-02761-CAB-BGS

added additional claims and one additional defendant. *Id.* at 1. Defendant Valdovinos filed a new Motion seeking to dismiss all the claims in Plaintiff's FAC pursuant to Federal Rules of Civil Procedure 8, 12(b)(6) and 41(b). Def.'s Mot., ECF No. 34. Plaintiff filed an Opposition to Defendant's Motion to which Defendant filed a Reply. ECF Nos. 36, 37.

While the Motion was initially calendared before Magistrate Judge Bernard G. Skomal, the Court has determined that this Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Skomal is necessary.

For the reasons set forth more fully below Defendant's Motion is **GRANTED** in part and **DENIED** in part.

## II. Operative Pleading

As an initial matter, the Court notes that Plaintiff did not comply with the Court's October 21, 2109 Order which granted Plaintiff leave to file an FAC. *See* ECF No. 25. In this Order, Plaintiff was instructed that his amended complaint "must be complete in itself without reference to his original pleading" and any "[d]efendants not named and any claims not re-alleged in the amended complaint will be considered waived." *Id.* at 2 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.". However, Plaintiff's FAC actually added new claims and a defendant which was not permitted by the Court's previous Order, as well as simply attaching his original Complaint as an exhibit. Plaintiff's FAC is therefore not "complete in itself." However, because Plaintiff is proceeding in *pro se*, the Court will consider the factual allegations in his FAC, including the allegations alleged in his original Complaint attached as an exhibit.

///
///
///

## III. Factual allegations[1]

On May 4, 2018, Plaintiff claims he engaged in a verbal dispute with Tower Officer Valdovinos after Valdovinos ordered him to "lock it up." *See* FAC, ECF No. 32 at 23. Plaintiff objected, sat down, and "told Valdovinos to call Sgt. Mitchell." *Id.* While Officer Trevino[2] "trashed [his] cell," Plaintiff contends Valdovinos said, "If I was on the floor I would fuck you up," threatened to "have someone fuck [Plaintiff] up," and exclaimed "I don't give a damn about getting sued." *Id.* at 23, 25. Plaintiff claims Valdovinos "then got on the mic and said yard and dayroom will be delayed thanks to [Plaintiff] yall [sic] can blame him." *Id.* at 23.

Later that night at "pill call," Plaintiff "went to Sgt. Mitchell and told him what Valdovinos said." *Id.* Plaintiff contends Sgt. Mitchell[3] called Valdovinos and "by the time [he] got back to the building," Valdovinos was "mad" that Plaintiff "told the Sergeant on [him]," called him a "soft weak bitch," and "got on the mic [sic] and said 'I'm going to put you on blast you tell squad who got the dope and cell phones and if 206 cell get hit it was [Plaintiff] who told.'" *Id.*

Plaintiff claims Valdovinos "wrote a false report" ("RVR") regarding the May 4, 2018 incident, charging him with willfully delaying a peace officer in the performance of duty. *Id.* at 34. He further claims Valdovinos filed two additional "false" RVRs against him both charging him with behavior which could lead to violence. *Id.* at 24.

A week after the May 4, 2018 incident, Plaintiff claims he was walking through the sally port, when he heard someone say, "You snitch" before he was hit in the jaw and neck. *Id.* at 23. Plaintiff contends he "blocked [the] punch," but "can't even say who the guy is" lest he be "called a snitch." *Id.* at 24.

---

[1] Page numbers for all documents filed in the Court's Case Management/Electronic Case File ("CM/ECF") will refer to the pagination generated by CM/ECF as indicated on the top right-hand corner of each chronologically-numbered docket entry.

[2] Plaintiff does not name Trevino as a Defendant.

[3] Sgt. Mitchell is not named as a Defendant.

Plaintiff claims Valdovinos and Romero "work together" on "B-yard" at RJD. *Id.* at 3. Plaintiff alleges Romero "open[ed] Plaintiff's legal mail from this Court" and "yelled up" to Valdovinos "Hey Valdovinos, Whatley is suing you, he [is] trying to take your boat." *Id.*

On February 10, 2019, Plaintiff claims Valdovinos "told Lt. Rodriguez Plaintiff threaten to kill [Valdovinos]." *Id.* at 5. Valdovinos "wrote in his report that Plaintiff approached the sally port and while standing at the threshold," Plaintiff turned his body towards Valdovinos, pointed his finger and said "stop following me, I'm going to kill you" while making a "horizontal slicing motion" to his throat. *Id.* Plaintiff was placed in the "hole" from February 10, 2019 to April 4, 2019. *Id.*

**IV.** **Defendant's Motion to Dismiss per Fed.R.Civ.P. 41(b)**

    A.    <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 41(b), a defendant "may move to dismiss the action or claim" against them "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A dismissal under this rule also "operates as an adjudication on the merits" unless the "dismissal order says otherwise." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Lal v. California,* 610 F.3d 518, 525 (9th Cir. 2010) (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)).

    B.    <u>Application to Plaintiff's FAC</u>

Defendant moves to dismiss Plaintiff's entire action pursuant to Rule 41(b) on the grounds that Plaintiff has repeatedly failed to "comply with this Court's Orders and the Local Rules." Def.'s Mot. at 5-6. Defendant argues that Plaintiff's FAC is not "complete in itself without reference to his original pleading." *Id.* at 5. As noted above, Plaintiff's FAC is disjointed and adds a new defendant for which he did not seek leave of court to add. Moreover, it is not complete in itself and he instead merely attaches his original Complaint as an exhibit. Plaintiff's FAC is not in compliance with the instructions previously provided by the Court.

In response, Plaintiff argues in his Opposition that he has not "vacated his original Complaint" and he is "only adding retaliation and another false report on G. Valdovinos." Pl.'s Opp'n at 1. On September 23, 2019, Plaintiff filed a motion seeking leave to file an amended complaint. *See* ECF No. 21. On October 21, 2019, Plaintiff's request was granted and he was specifically informed that his "amended complaint must be *complete in itself* without reference to his original pleading." Oct. 21, 2019 Order, ECF No. 25 at 2 (emphasis added).

However, while it is clear that Plaintiff has had difficulty complying with the Court's Order, for the reasons set forth below, the Court finds dismissal of Plaintiff's FAC appropriate on the grounds he failed to comply with Fed.R.Civ.P. 8 and he has failed to state some claims pursuant to Fed. R. Civ. P. 12(b)(6) and will not dismiss pursuant to Rule 41(b) at this time. Plaintiff is cautioned that while the Court will permit Plaintiff leave to file an amended pleading, if he continues to fail to comply with the Court's Orders, including adding new claims or defendants without first seeking leave of Court, the Court may dismiss the entire action pursuant to Rule 41(b).

### V. Defendant's Motion to Dismiss per Fed.R.Civ.P. 12(b)(b)

#### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

  B. <u>Rule 8</u>

  Defendant moves to dismiss Plaintiff's entire action on the ground that Plaintiff's FAC fails to comply with Rule 8. *See* Def.'s Mot. at 6-7. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).

  Here, the Court agrees that Plaintiff's FAC does not comply with Rule 8. Plaintiff' FAC submits a few factual allegations against Valdovinos but mostly contains disjointed statements and legal argument. He further asks that the Court "conduct a meaningful comparison" of his FAC and his original Complaint. As the Court has repeatedly informed Plaintiff, his operative pleading must be complete in itself. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637

F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's entire FAC for failing to comply with Rule 8.

### C. Verbal Harassment claims

Plaintiff claims that he has added an "harassment" claim against Valdovinos. Pl.'s Mot. at 2. Defendant moves to dismiss this claim against him on the ground that this claim fails to state a claim. Def.'s Mot. at 8-9.

An inmate "being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008)); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended on denial of rehr'g,* 135 F.3d 1318 (9th Cir. 1998) (holding verbal harassment, standing alone, does not violate the Eighth Amendment); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (Eighth Amendment protections "do not necessarily extend to mere verbal sexual harassment."); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 903-04 (N.D. Cal. 2004). Such conduct, while unprofessional, and impertinent, does constitute the "unnecessary and wanton infliction of pain" required to sustain an Eighth Amendment violation. *See, e.g., Blueford v. Prunty*, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct... was verbal").

Thus, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's verbal harassment claims pursuant to Fed.R.Civ.P. 12(b)(6) with prejudice and without leave to amend.

D.  Rules Violation Report False Report claims

Defendant moves to dismiss Plaintiff's claims that Valdovinos violated his constitutional rights when Valdovinos allegedly filed a false rules violation report ("RVR") against him in May and November 2018. Def.'s Mot. at 8. Plaintiff also alleges in his FAC that Valdovinos wrote "lies" his report following an incident on February 10, 2019 and as a result Plaintiff was held in the "hole" from February 10, 2019 to April 4, 2019. FAC at 6.

"The issuance of a false RVR, alone, does not state a claim under section 1983." *Murschel v. Paramo*, 2018 WL 539159, at *5 (S.D. Cal. 2018) (citing *Dawson v. Beard*, 2016 WL 1137029, at *5-6 (E.D. Cal. 2016)). Instead, claims of arbitrary action by prison officials must grounded in "'the procedural due process requirements as set forth in *Wolff v. McDonnell*[, 418 U.S. 539 (1974)].'" *Murschel*, 2018 WL 539159, at *5 (citing *Ellis v. Foulk*, 2014 WL 4676530, at *2 (E.D. Cal. 2014) (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984))). "[T]here is no due process right to be free from false disciplinary charges," *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014), because "[t]he Constitution demands due process, not error-free decision-making." *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012); *see also Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff*, 418 U.S. at 564-571. "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.*; *see also Wolff*, 418 U.S. at 566 (explaining that an inmate must be afforded an opportunity "to call

witnesses and present documentary evidence in his or her defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). Plaintiff's FAC is devoid of any factual allegations to support a Fourteenth Amendment due process claim.

Thus, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims arising from the allegations of filing of false reports.

### E. Injunctive relief claims

Defendant moves to dismiss Plaintiff's claims for injunctive relief as moot in light of the fact that Plaintiff is no longer housed at RJD. Although Plaintiff did not file a notice of change of address, he is currently housed at the California Substance Abuse Treatment Facility ("CSATF ") located in Corcoran, California.[4]

An inmate's release or transfer from one institution to another while his claims are pending generally moots any claims for equitable relief which relate to the transferring prison's policies unless the suit has been certified as a class action. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995).

Thus, because Plaintiff is currently housed at CSATF, the incidents giving rise to his claims occurred at RJD, and disputes as to the rights or obligations of the parties with respect to activities that occurred at RJD are not alleged to have been continued at CSATF, Plaintiff's claim for injunctive relief is moot. Defendant's Motion to Dismiss Plaintiff's claims for injunctive relief is GRANTED.

### F. Official Capacity claims

Finally, Defendant seeks dismissal of Plaintiff's FAC to the extent he seeks money damages against him based on actions taken in his "official" capacity. *See* Def.'s Mot. at 9-10. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan*, 491 U.S. 58, 66 (1989), it does

---

[4] *See* https://inmatelocator.cdcr.ca.gov (website last visited February 7, 2020.)

9

3:18-cv-02761-CAB-BGS

not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25. Thus, the Court GRANTS Defendant's Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against him in his official capacity.

### G. Leave to Amend

The Court will grant Plaintiff leave to file a Second Amended Complaint. However, if Plaintiff does not comply with the Court's Orders, his amended pleading may be subject to dismissal pursuant to Fed.R.Civ.P. 41(b). The amended pleading must be "complete in itself without reference to his original pleading" and any "[d]efendants not named and any claims not re-alleged in the amended complaint will be considered waived." S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.,*, 896 F.2d at 1546.

While the Court will permit Plaintiff to file an amended pleading, he may not re-allege his verbal harassment claims as the Court finds that amendment of these claims is futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))

In addition, Plaintiff may not attach his original Complaint or his FAC as an exhibit to his amended pleading. Plaintiff must provide one pleading that contains factual allegations against specific defendants. Plaintiff may add documents as exhibits that he believes supports his constitutional claims. However, Plaintiff may not add any new claims or defendants not previously raised in either his original Complaint or his FAC.

10

3:18-cv-02761-CAB-BGS

## VI. Conclusion and Order

For all the reasons discussed, the Court:

1) **GRANTS** Defendant Valdovino's Motion to Dismiss Plaintiff's FAC pursuant to Fed.R.Civ.P. 8;

2) **DENIES** Defendant Valdovino's Motion to Dismiss Plaintiff's FAC pursuant to Fed.R.Civ.P. 41(b);

3) **GRANTS** Defendant Valdovino's Motion to Dismiss Plaintiff's verbal harassment claims without leave to amend;

4) **GRANTS** Defendant Valdovino's Motion to Dismiss Plaintiff's Fourteenth Amendment false report claims;

5) **GRANTS** Defendant Valdovino's Motion to Dismiss Plaintiff's claims against him in his official capacity;

6) **GRANTS** Defendant Valdovino's Motion to Dismiss Plaintiff's injunctive relief claims;

7) **GRANTS** Plaintiff forty five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

8) The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: February 11, 2020

Hon. Cathy Ann Bencivengo
United States District Judge