UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHATLEY, CDCR #AG-2464,<br><br>        Plaintiff,<br><br>v.<br><br>G. VALDOVINOS, Correctional Officer; D. PARAMO, Warden; ROMERO,<br><br>        Defendants. | Case No.: 18cv2761-CAB-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Doc. No. 50]** |

On June 30, 2020, Defendants L. Romero and G. Valdovinos ("Defendants") filed a Motion to Dismiss Plaintiff's Second Amended Complaint. [Doc. No. 50.] On July 13, 2020, Plaintiff Reginald Whatley ("Plaintiff") filed an opposition to the motion. [Doc. No. 52.] No reply was filed. For the reasons set forth below, the motion to dismiss is **DENIED**.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a California prisoner proceeding pro se, filed a complaint under 42 U.S.C. §1983 on December 8, 2018. [Doc. No. 1.] This Court screened and dismissed the lawsuit for Plaintiff's failure to state a claim and failure to follow court orders. [Doc.

Nos. 7, 21, 25, 32, and 38.] On March 25, 2020, Plaintiff filed the Second Amended Complaint (SAC), which is now the operative pleading. [Doc. No. 42.]

In the SAC, Plaintiff alleges that Defendants G. Valdovinos and L. Romero, correctional officers at the Richard J. Donovan Correctional Facility, violated his rights. [Doc. No. 42, at 3-6.] Plaintiff alleges that Valdovinos violated the First and Eighth Amendments by labelling plaintiff a "snitch" in retaliation for his complaints, which caused Plaintiff to be attacked by another inmate. [Doc. No. 42, at 3-4.] Plaintiff alleges that Romero violated Plaintiff's rights by reading Plaintiff's confidential legal mail and conducting a retaliatory cell search against Plaintiff. [Doc. No. 42, at 5.] Romero now moves to dismiss the retaliatory cell search claim.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id*. at 555; Iqbal, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] ... a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears pro se in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

Defendant Romero moves to dismiss the claim of retaliation against him on the grounds that Plaintiff fails to allege that: 1) he engaged in protected activity; and 2) there was a causal connection between the adverse action and the protected activity. [Doc. No. 50 at 4-6.]

A. Protected Activity.

In the prison context, an inmate must establish five basic elements to make a viable First Amendment retaliation claim: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

For a retaliation claim to prevail, a plaintiff must demonstrate, among other things, that they engaged in protected conduct. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). It is well established precedent that filing grievances or commencing a lawsuit is considered protected conduct under the First Amendment. *See Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017).

Here, Defendant cites to *Bell v Hill*, No. CIV S-10-0850-CMK-P, 2011 WL 4736293 (E.D. Cal. Oct. 5, 2011) to contend that Plaintiff's verbal complaints were not protected conduct. Specifically, Defendants contend that Plaintiff did not file a formal complaint or grievance, and Plaintiff's statement to Romero that he was going to sue him for reading his mail and sharing the contents with another officer do not constitute protected activity. The Court disagrees and finds that protected conduct under Ninth Circuit case law is not so restrictive.

In *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017), the Ninth Circuit found that the plaintiff's written threat to file a civil lawsuit was protected conduct under the First Amendment. *Entler*, 872 F.3d at 1039-40. In rejecting the district court's dismissal of Plaintiff's complaint, the court wrote:

> The dichotomy that the district court drew between formal and informal grievances has no constitutional underpinning; nor does the distinction between a threat to initiate litigation and the litigation. To the contrary, "[t]he applicability of the constitutional right to redress of grievances does not hinge on the label the prison places on a particular complaint," *Brodheim v. Cry*, 584 F.3d 1262, 1267 n.4 (9th Cir. 2009), and embraces threats to sue, *Jones v. Williams*, 791 F.3d 1023, 1035–36 (9th Cir. 2015).

*Id.* at 1039.

Consistent with these principles, courts in this Circuit have repeatedly found protected conduct where a plaintiff makes a verbal threat to file a suit or grievance or even request a grievance form. See e.g. *Gathrite v. Wilson*, No. 3:19-cv-1852-JAH-NLS, 2020 WL 4201668, at *5-7 (S.D. Cal. July 22, 2020)(finding Plaintiff's submission of grievances through health care services request forms constitutes protected conduct); *Loftis v. Montes*, No. 2:18-cv-4769-JFW-GJS, 2020 WL 1290842, at *4 (C.D. Cal. Feb. 11, 2020), *report and recommendation adopted*, No. 2:18-cv-4769-JFW-GJS, 2020 WL 1289170 (C.D. Cal. Mar. 18, 2020) (finding verbal threats to speak to the Sergeant and/or threats to file a complaint protected conduct); *Smith v. Gaffney*, No. CV 18-4366-CJC (PLA), 2020 WL 2083016, at *4 (C.D. Cal. Jan. 7, 2020) (finding an inmate's request for a grievance form protected conduct); *Irvin v. Roldan*, No. CV 19-1418-AG (KK), 2019

WL 8105897, at *3 (C.D. Cal. Dec. 23, 2019) (finding threats to file a grievance protected conduct).

Here, Plaintiff alleges Defendant Romero opened his legal mail "then yelled up to the Tower cop G. Valdovinos 'Hey Valdovinos Whatley suing you he trying to take your boat.'" Plaintiff then alleges he told Romero "I'm going to sue you for reading my legal mail and for telling the officer I'm suing what was [in] my legal mail." [Doc. No. 42 at 5.] Under *Entler*, Plaintiff's alleged threat to sue Romero sufficiently constitutes protected conduct. 872 F.3d at 1039-40.

B. Causal Connection.

Defendant argues that Plaintiff does not sufficiently allege a causal connection between the adverse action (unwarranted cell search) and the protected conduct (threat to sue). However, Plaintiff alleges that after he threatened to sue Romero, Romero said "Don't fuck with me," then a few days later conducted an allegedly unwarranted search of Plaintiff's property (but not his cellmates' property). The allegation of an angry response by Romero to Plaintiff's threat to sue, followed by a search that singled out Plaintiff's property, sufficiently alleges a causal connection between the adverse action and the protected conduct.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is **DENIED**. Defendants shall **ANSWER** the SAC by **September 10, 2020**.

**IT IS SO ORDERED.**

Dated: August 20, 2020

Hon. Cathy Ann Bencivengo
United States District Judge